# EXHIBIT A

Electronically Filed
9/13/2017 5:19 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
PRESTON REZAEE, ESQ.
Nevada Bar No. 10729
THE FIRM, P.C.
630 South Third Street
Las Vegas, NV 89101
Tel: (702) 222-3476
Fax: (702) 252-3476
*Attorneys for Plaintiff*

**EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHAWNA PETERS, an Individual, | Case No. A-17-761455-C |
| Plaintiff, | Dept. No. Department 29 |
| vs. | **COMPLAINT** |
| LARRY SAMPSON, an Individual, GREYHOUND LINES, INC., a Foreign Corporation, and DOES I-X, unknown persons, ROE BUSINESS ENTITIES I-X, inclusive. | |
| Defendants. | |

COMES NOW Plaintiff, Shawna Peters (hereinafter "Peters" and/or "Plaintiff"), by and through Plaintiff's attorney, Preston P. Rezaee, Esq., of THE FIRM, P.C., and submits herein this Complaint and causes of action against the Defendants, Larry Sampson and Greyhound Lines, Inc. (hereinafter individually identified and/or collectively referred to as "Sampson" and "Greyhound" and/or collectively referred to as "Defendants"), and DOES I-X, unknown persons, ROE BUSINESS ENTITIES I-X, and allege as follows:

**PARTIES**

1. At all times relevant to this action, Plaintiff was a resident of Clark County, Nevada.

2. At all times relevant to this action, Defendant, Greyhound was a foreign corporation conducting business in Clark County, State of Nevada.

///

1

3.     At all times relevant hereto, Defendant Sampson, was an employee of Greyhound, and was acting within the course and scope of employment. As such, Greyhound is legally responsible for the negligent conduct of Sampson as more specifically set forth herein.

4.     Pursuant to Nev.R.Civ.P. 10(a) and Nurenberger Hercules- Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of defendants designated as DOES I through X are unknown at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which he is presently unaware. These defendants are in some manner negligently, vicariously or statutorily responsible for the events and happenings referred to and caused damages proximately to Plaintiff herein. As the specific identities of these parties are revealed through the course of discovery, the DOE appellation will be replaced to identify these parties by their true names and capacities.

5.     Pursuant to Nev.R.Civ.P. 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of defendants designated as ROE BUSINESS ENTITIES I-X are unknown at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which he is presently unaware. These defendants are in some manner negligently, vicariously or statutorily responsible for the events and happenings referred to and caused damages proximately to Plaintiff herein. As the specific identities of these parties are revealed through the course of discovery, the ROE appellation will be replaced to identify these parties by their true names and capacities.

## **VENUE AND JURISDICTION**

6.     Venue is proper in Clark County, Nevada pursuant to Nevada Revised Statutes 13.040. The exercise of jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

7.     The incident for which Plaintiff complains and for which Defendants are liable arises out of, inter alia, negligence of Defendants named herein and occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

8. On December 20, 2015, Plaintiff was a passenger in a Greyhound Bus (Defendant's vehicle) traveling westbound in the middle lane of 900 block of E IM 30.

9. Sampson was operating the Greyhound Bus.

10. Sampson failed to decrease speed for the vehicle in front of Defendant's vehicle, therefore striking the rear of a vehicle in front of Defendant's vehicle.

11. By reason of the premises, and as a direct and proximate result of the negligence of the said Defendants, and each of them, Plaintiff was caused to be disabled and limited and restricted in their occupations and activities, which caused to Plaintiff a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiff's learning capacity and future loss of wages, all to Plaintiff's damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

12. At all times relevant hereto, Defendant Sampson was an employee of Greyhound, and was acting within the course and scope of his employment.

## FIRST CAUSE OF ACTION

(Negligence)

13. Plaintiff incorporates by this reference the allegations of paragraphs above, as though completely set forth herein.

14. Defendant had a duty to operate Defendant's vehicle with reasonable care.

15. At the time of the crash herein complained of, and immediately prior thereto, Defendant, in breaching a duty owed to the Plaintiff, was negligent and careless in, inter alia, the following particulars:

   a. In failing to keep Defendant's Vehicle under proper control;
   b. In operating Defendant's Vehicle without due care for the rights of the Plaintiff;
   c. In failing to keep a proper lookout for Plaintiff's Vehicle;
   d. Defendant violated certain state and local statutes, rules, regulations, codes and ordinances, and the Plaintiff will pray leave of Court to insert the exact citations at the time of trial.

3

16. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiff suffered injuries in and about the neck, back, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to Plaintiff's damage in an amount in excess of $10,000.00.

17. As a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiff has been caused to expend monies for medical and miscellaneous expenses and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

18. Prior to the injuries complained of herein, Plaintiff was an able-bodied individual capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was otherwise suited.

19. By reason of the premises, and as a direct and proximate result of the negligence of the said Defendants, and each of them, Plaintiff was caused to be disabled and limited and restricted in occupation and activities, which caused to Plaintiff a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to Plaintiff's damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

20. Plaintiff has been required to retain THE FIRM, P.C. to prosecute this action, and is entitled to a reasonable attorney's fee and costs.

## SECOND CAUSE OF ACTION

(Negligence *Per Se*)

21. Plaintiff incorporates the paragraphs above as though said paragraphs were fully set forth herein.

22. The acts of Defendant as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se.

4

23. A direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiff suffered injuries in and about the neck, back, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to Plaintiff's damage in an amount in excess of $10,000.00.

24. A direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiff has been caused to expend monies for medical and miscellaneous expenses and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

25. Prior to the injuries complained of herein, Plaintiff was an able-bodied individual capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was otherwise suited.

26. By reason of the premises, and as a direct and proximate result of the negligence of the said Defendants, and each of them, Plaintiff was caused to be disabled and limited and restricted in occupation and activities, which caused to Plaintiff a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to Plaintiff's damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

27. Plaintiff has been required to retain THE FIRM, P.C. to prosecute this action, and is entitled to a reasonable attorney's fee and costs.

**WHEREFORE**, Plaintiff, expressly reserving the right herein to include all items of damage, demand judgment against the Defendants, and each of them, as follows:

1) General damages in an amount in excess of $10,000.00;
2) Special damages for Plaintiff's medical and miscellaneous expenses, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3) Special damages for lost wages in a presently unascertainable amount, and/or diminution of Plaintiff's earning capacity, plus possible future loss of earnings and/or diminution of Plaintiff's earning capacity in a presently unascertainable amount.

4) Costs of this suit;

5) Attorney's fees; and

6) For such other and further relief as to the Court may seem just and proper in the premises.

DATED THIS 7th day of September, 2016.

/s/ *Preston P. Rezaee, Esq.*
Preston P. Rezaee, Esq.
Nevada Bar No. 10729
630 South Third Street
Las Vegas, NV 89101
Tel: (702) 222-3476
Fax: (702) 252-3476
*Attorney for Plaintiff*